No. 761
EAST OHIO GAS·CO. v. JONES et al
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 10, 1924

355. DAMAGES—1. Failure of charge to limit damages in fire loss caused by natural gas leaks, held not prejudicial.

2. Jury not limited to expert's opinion in determining property values.

225. CHARGE TO JURY—Omissions in charge not reached by general exception.

POLLOCK, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Jones brought an action against the East Ohio Gas Co. to recover damages for the destruction of his house and furniture by fire, which he claimed was caused by the leakage of a gas pipe. Some time prior to the fire the gas company had discontinued service in Jones's house and had plugged up the pipe. The plaintiff alleged that the failure and negligence of the company to properly seal up said pipe after removing the gas meter was the cause of the fire. The defendant denied this and also set up by way of reply that Jones had received from the insurance company $739. Jones, his wife and son testified that they smelled gas in the house on various occasions and his wife testified when she came downstairs there was fire all around the gas pipe. Evidence was also offered to the effect that the gas company was notified of the leakage and that it was proper to turn the gas off at the street instead of the inside of the house.

The company offered testimony to the effect that it was impossible for the gas to escape, that if the escaping gas caused the fire there would have been an explosion, and also offered certain statements of Mrs. Jones that the fire was caused by the exploding of an overheated lamp. The jury returned a verdict in favor of Jones in the sum of $1,300. The company prosecuted error. In affirming the judgment, the Court of Appeals held:

1. While there were omissions in the charge, only a general exception was made to the charge, and therefore counsel could not predicate error on such omission.

2. Failure of court to limit the damages to the personal property to the value at the time of the fire, while faulty, was not sufficiently so to constitute prejudicial error.

3. It cannot be said from the testimony that the verdict of the jury was manifestly against the weight of the evidence.

4. As the jury was not confined to the opinion of witnesses as to the value of certain property, which has been more or less described to the jury, and the value of which they had some knowledge, it cannot be said that the verdict was excessive because it slightly exceeded the value placed upon the property by certain experts.

Attorneys—Kennedy, Manchester, Conroy & Ford, for East Ohio Gas Co.; F. J. Heim, for Jones et al; all of Youngstown.